1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4   United States of America,

5          Plaintiff

6   v.

7   Matthew Dale Dewberry,

8          Defendant

9

**2:12-cr-00118-JAD-VCF-2**

**Order Granting Motion**

[ECF No. 182]

10          On April 24, 2014, I sentenced Matthew Dale Dewberry[1] to 65 months' imprisonment to run

11   concurrent to the eight-year sentence imposed in Texas state-court case number 1211117091, which

12   Dewberry was serving when he was transferred to federal custody to answer the charges in this case.

13   Dewberry has filed a "motion for accreditation of jail time," arguing that his federal sentence has

14   been improperly credited.[2]

15          The interaction between Dewberry's state and federal sentences was discussed at length at

16   Dewberry's sentencing hearing.  Defense counsel requested that Dewberry's federal sentence run

17   from the time he was transferred from the Texas DOC to the custody of the U.S. Marshal and that it

18   run concurrent to Dewberry's Texas state-court sentence.  Government counsel represented that,

19   though the BOP makes ultimate custody determinations, it was her understanding that Dewberry

20   would get federal credit for the time he'd spent in federal pre-trial detention, and she did not object

21   to Dewberry's federal sentence being imposed concurrent to his state-court sentence.  The parties

22   represented that Dewberry would be eligible for parole from his state-court sentence shortly after he

23   was returned to state custody, so he would likely be transferred back to the federal BOP to finish the

24

25

26   _____

27   [1] Also known as Robert C. Grusczyuski.

28   [2] ECF No. 182.

remainder of his federal sentence.[3]  Based on these representations, I sentenced Dewberry to a guideline-range sentence of 65 months in prison to run concurrent to his state-court sentence.

Dewberry represents that he has received from the Federal Designation and Computation Center a computation sheet reflecting that his federal sentence did not start until his sentencing on April 24, 2014, so he has not been given credit for the 13 months he spent in federal pre-trial detention as contemplated by the court and the parties at his sentencing hearing.  Though I recognize that "statements by a district court regarding credit for time served are only recommendations,"[4] I take this opportunity to clarify that it was my intention that Dewberry's 65-month federal sentence begin running from the date that he was transferred from the Texas Department of Corrections to the custody of the U.S. Marshal to answer the charges in this case.  I defer to the BOP to determine when this transfer occurred because it is not clear from the record before me.[5]

---

[3] Dewberry is still incarcerated at a Texas state prison and has not yet been paroled on his state-court sentence.  https://offender.tdcj.texas.gov/OffenderSearch/search.action

[4] *See United States v. Wilson*, 503 U.S. 329, 333 (1992).

[5] Dewberry indicates that he was transferred to federal custody in March 2013, and the first entry in this case against him is April 9, 2013, so this transfer likely occurred in the Spring of 2013.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

IT IS HEREBY ORDERED that Dewberry's motion for accreditation of jail time **[ECF No. 182] is GRANTED.  The Clerk of Court is directed to SEND a copy of this order and a copy of Dewberry's judgment of conviction [ECF No. 167] to the Federal Bureau of Prisons and to Dewberry at:**

**Robert Charles Grusczynski**
**TDCJ Number 1829049**
**Powledge Unit**
**1400 FM 3452**
**Palestine, TX 75803**

Dated 7th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge