# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, <br><br> Plaintiff <br> v. <br><br> Matthew Dewberry, <br><br> Defendant | Case No. 2:12-cr-00118-JAD-VCF <br><br> **Order Denying Motion for Accreditation of Jail Time** <br><br> [ECF No. 221] |

Defendant Matthew Dewberry was sentenced to four months of custody for supervised-release violations.[1] Though represented by counsel, Dewberry filed a pro se "Motion for Accreditation of Jail Time," asking the court to recommend that the Bureau of Prisons (BOP) give him credit for 70 days he spent in custody while awaiting disposition of this supervised-release violation.[2] The government opposes the motion, pointing out that this court lacks the authority to recommend credit calculations to the BOP and that Dewberry is violating the court's local rules by filing a pro se motion while he is represented by counsel.[3] Because the task of computing pre-sentencing custodial credits rests entirely with the Attorney General, and the United States Supreme Court has recognized "the sentencing court's inability to compute the credit,"[4] I deny Dewberry's motion.

IT IS THEREFORE ORDERED that the Motion for Accreditation of Jail Time **[ECF No. 221] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 21, 2020

---

[1] ECF No. 220.

[2] ECF No. 221.

[3] ECF No. 222.

[4] *See, e.g., United States v. Wilson*, 503 U.S. 329, 335 (1992) (". . . the Attorney General must [ ] compute the credit [for prior custody] under [Title 18, United States Code] Section 3585(b)).